# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HSIOUA PING ROLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-13-1298-D |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Hsioua Ping Roland appeals the denial of her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the record,[1] including the transcript of the administrative hearing and the decision of the administrative law judge ("ALJ"), as well as the pleadings and briefs of the parties, the undersigned recommends that the decision of the Commissioner be affirmed.

PROCEDURAL HISTORY

On May 17, 2011, Plaintiff filed an application for DIB with the Social Security Administration ("SSA"), alleging a disability onset date of August 15, 2009. R. 128-134;

---

[1] The administrative record, Doc. Nos. 13 to 13-8, is cited as "R. __," using the pagination assigned by the Social Security Administration in the certified copy of the transcript of the administrative record. Citations to other documents filed in this Court adhere to the pagination assigned by the Court's electronic filing system.

*see also* R. 12 (reflecting a protective filing date of May 10, 2011). Following preliminary administrative denials of her application, Plaintiff appeared with a non-attorney representative for a hearing before an ALJ on October 18, 2012, in Oklahoma City, Oklahoma. R. 12, 24-50, 53-62, 67-68. The ALJ issued an unfavorable decision on January 9, 2013. R. 12-18. The SSA Appeals Council denied Plaintiff's request for review. R. 1-5. Thus, the decision of the ALJ is the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Thereafter, Plaintiff commenced this appeal.

THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process to determine whether Plaintiff was disabled and therefore entitled to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 15, 2009, the alleged disability onset date. R. 14. At step two, the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine, and lumbar spondylosis with stenosis." R. 14. At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 14.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff could perform light work with certain exertional limitations:

> [Plaintiff] can lift/carry/pull/push no more than 20 pounds occasionally; she can sit for a total of six hours in an eight-hour workday; she can stand for a total of two hours in an eight-hour workday; and she can walk for a total of two hours in an eight-hour workday.

*See* R. 14-17.[2] At step four, the ALJ, citing the *Dictionary of Occupational Titles* ("*DOT*"), found that Plaintiff had past relevant work as a cashier, restaurant hostess, office clerk, and ticket clerk. R. 17; *see also* U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. rev. 1991). The ALJ then found: "In comparing [Plaintiff's RFC] with the physical and mental demands of this work, . . . [Plaintiff] is able to perform it as actually and generally performed. This work does not require the performance of work-related activities precluded by [Plaintiff's RFC] (20 CFR 404.1565)." R. 17. Accordingly, the ALJ determined that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3] R. 18.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence" is "more than a mere scintilla" of evidence and is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] The SSA defines "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b).

[3] The ALJ did not proceed to the fifth step of the sequential analysis. *See* R. 18. However, the fifth step is not required upon a finding of "not disabled" at the fourth step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), (e)-(f), 404.1560(b)(3).

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). Although the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ISSUES PRESENTED ON APPEAL

In this action for judicial review, Plaintiff contends that "the ALJ failed to properly apply and follow the sequential analysis at step four." Pl.'s Br., Doc. No. 15, at 5 (capitalization altered). Plaintiff argues that a proper analysis would reflect that Plaintiff's severe impairments prevent her from performing her past relevant work. *Id.*

ANALYSIS

A. *Step Four's Three Phases*

At step four of the sequential evaluation process, an ALJ compares his or her assessment of the claimant's RFC "with the physical and mental demands of [the claimant's] past relevant work."[4] *See* 20 C.F.R. § 404.1520(f). This comparison requires the ALJ to make specific factual findings as to: (1) the claimant's RFC; (2) the physical and mental demands of the claimant's past relevant work, to the extent that those demands "have a bearing on the medically established limitations" in the RFC; and (3) whether the claimant's RFC permits him or her to return to past relevant work. *See* SSR

---

[4] "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).

4

82-62, 1982 WL 31386, at *3-4; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); *Henrie v. U.S. Dept. of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). If the three-phase analysis reveals that a claimant retains the RFC to perform either (1) "[t]he actual functional demands and job duties of a particular past relevant job"; or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy," then the claimant will be found to be "'not disabled.'" SSR 82-61, 1982 WL 31387, at *2; *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1050-52 (10th Cir. 1993).

At phases one and two, the ALJ must sufficiently develop the record to allow a proper comparison to be made at phase three. *See Hayden v. Barnhart*, 374 F.3d 986, 991 (10th Cir. 2004) (discussing *Henrie*, 13 F.3d at 360-61).[5] For instance, to develop the record for the phase two finding, the ALJ may rely upon the claimant's own reporting as to the pertinent demands of past relevant work. 20 C.F.R. §§ 404.1560(b)(2), 404.1565(b); SSR 82-62, 1982 WL 31386, at *3. The ALJ may also rely upon other sources, including the *DOT* and testimony of a vocational expert ("VE"). 20 C.F.R. § 404.1560(b)(2); *Hayden*, 374 F.3d at 991; *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003); *Winfrey*, 92 F.3d at 1025. Although the ALJ has an obligation to develop the record sufficiently, the claimant bears the burden of establishing his or her inability to perform past relevant work. *Hayden*, 374 F.3d at 991; *Andrade*, 985 F.2d at 1051.

---

[5] Although *Hayden* is a termination-of-benefits case, the Tenth Circuit therein summarizes denial-of-benefits decisional law. *See Hayden*, 374 F.3d at 991.

In phase one, the ALJ found that Plaintiff's RFC enabled Plaintiff to perform light work with certain exertional limitations:

> [Plaintiff] can lift/carry/pull/push no more than 20 pounds occasionally; she can sit for a total of six hours in an eight-hour workday; she can stand for a total of two hours in an eight-hour workday; and she can walk for a total of two hours in an eight-hour workday.

*See* R. 14-17. Plaintiff does not dispute the accuracy of this RFC assessment. *See* Pl.'s Br. at 6; *see also id.* at 5 (stating that Plaintiff's medical history "was adequately summarized by the ALJ").

In phase two, the ALJ found that Plaintiff had past relevant work as a: (1) "Cashier, D.O.T. # 211.462-014, light work"; (2) "Restaurant Hostess, D.O.T. # 352.667-010, light work"; (3) "Office Clerk, D.O.T. # 209.562-010, sedentary work"; and (4) "Ticket Clerk, D.O.T. # 211.482-010, sedentary work." R. 17 (citing the *DOT*).[6] Plaintiff does not dispute the accuracy of this list. *See* Pl.'s Br. at 6-10. Plaintiff instead asserts that the list alone is insufficient for a specific finding at phase two regarding the past relevant work's physical and mental demands. *See id.*

A claimant is "not disabled" if he or she retains the RFC to perform "[t]he actual functional demands and job duties of a particular past relevant job" *or* "[t]he functional

---

[6] In describing the claim's procedural history, the ALJ notes that a VE testified at Plaintiff's October 18, 2012 hearing. R. 12. Although the ALJ does not discuss the VE's testimony in the decision, the ALJ's findings as to Plaintiff's past relevant work generally correspond with that testimony. *Compare* R. 17, *with* 44-45, 46-47. In making a step-four determination, although the ALJ is permitted to obtain VE testimony, it is not a requirement. *See* 20 C.F.R. § 404.1560(b)(2); *Hayden*, 374 F.3d at 991; *Doyal*, 331 F.3d at 761; *Winfrey*, 92 F.3d at 1025.; *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995). Thus, the ALJ was not required to discuss the VE's testimony in his decision.

6

demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *2; *see also Andrade*, 985 F.2d at 1050. Thus, regardless of any error in failing to discuss the demands of Plaintiff's past relevant work as it was actually performed, if the ALJ's phase two findings are sufficient to establish the demands of any job as it is generally performed, then no remand or reversal is required based on the ALJ's phase two analysis.

  B. *Whether the ALJ Erred in Finding that Plaintiff Could Perform Her Past Relevant Work as It Is Generally Performed*

An ALJ is permitted to rely upon the *DOT* when determining the demands of past relevant work as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2); SSR 82-61, 1982 WL 31387, at *2; *see also Hayden*, 374 F.3d at 991; *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990). By listing Plaintiff's past relevant work along with a citation for each job in the *DOT*, the ALJ incorporated that source by reference. *See Campbell v. Astrue*, 525 F. Supp. 2d 1256, 1264 (D. Kan. 2007). While it would have been more thorough for the ALJ to expressly state in his decision the physical demands of Plaintiff's past relevant work, the ALJ's incorporation of a permissible source by reference adequately set forth the relevant findings.

Plaintiff does not address the physical demands of her past relevant work as generally performed and, thus, does not dispute that the *DOT* contains sufficient information to enable a comparison at phase three between the demands for each

occupation listed and Plaintiff's RFC.[7]  *See* Pl.'s Br. at 6-10; *Andrade*, 985 F.2d at 1051-52. In light of the fact that there is no dispute as to whether the particular *DOT* occupational entries matched Plaintiff's past relevant work, the ALJ's reference to the *DOT* descriptions is sufficient to meet the ALJ's phase two obligations to inquire and to make factual findings with respect to the requirements of those occupations as generally performed. *See Campbell*, 525 F. Supp. 2d at 1264; *Westbrook v. Massanari*, 26 F. App'x 897, 903 (10th Cir. 2002).

In phase three, the ALJ found: "In comparing [Plaintiff's RFC] with the physical and mental demands of [the listed past relevant] work, . . . [Plaintiff] is able to perform it as actually and generally performed. This work does not require the performance of work-related activities precluded by [Plaintiff's RFC] (20 CFR 404.1565)." R. 17. Plaintiff asserts that because the ALJ erred by not stating specific details of each job's demands as *actually* performed by Plaintiff, no comparison can be shown between the RFC assessment and Plaintiff's past relevant work. *See* Pl.'s Br. at 10-11. As discussed above, however, the *DOT* is a permissible source of each job's demands as *generally* performed. Relying upon the *DOT* to make a phase-three comparison is not legally

---

[7] As noted, the ALJ must make findings as to the physical and mental demands of the claimant's past relevant work only to the extent that those demands "have a bearing on the medically established limitations" in the RFC. *See* SSR 82-62, 1982 WL 31386, at *3-4. Thus, because the ALJ's RFC assessment, which is undisputed, contains no mental limitations, the ALJ did not err by failing to discuss the mental demands of Plaintiff's past relevant work. *See id.*; *Westbrook v. Massanari*, 26 F. App'x 897, 903 (10th Cir. 2002).

improper, and, when that source provides information that a reasonable mind might accept as adequate to support the ALJ's conclusion, then the ALJ's decision is based on substantial evidence as required. *See Richardson*, 402 U.S. at 401; *Hayden*, 374 F.3d at 991; *Potter*, 905 F.2d at 1349.

Plaintiff does not point to, and the undersigned does not discern, any material conflict between Plaintiff's abilities, as reflected in the undisputed RFC assessment, and the pertinent physical demands of the cited occupations, as described in the *DOT*. *Compare* R. 14-15, *with* R. 17; DICOT 211.462-014, 1991 WL 671841; DICOT 352.667-010, 1991 WL 672913; DICOT 209.562-010, 1991 WL 671792; DICOT 211.482-010, 1991 WL 671855.[8] That is, none of the *DOT* entries requires the performance of work-related activities that are precluded by Plaintiff's RFC. Plaintiff bears the burden of establishing that she cannot perform her past relevant work. *Hayden*, 374 F.3d at 991; *Andrade*, 985 F.2d at 1051; *see also Medina v. Barnhart*, 68 F. App'x 890, 893 (10th Cir. 2003). The undersigned finds that Plaintiff has not established that she cannot perform

---

[8] Although the *DOT* exists in book form, citations to the Westlaw electronic database are provided here for convenience. Minor discrepancies exist between the ALJ's list of the cited occupations and their respective entries in the *DOT*. However, these discrepancies are not inherently fatal to the ALJ's overall finding, and Plaintiff does not raise them as error. "Ticket Clerk" and "211.482-010" do not appear together in the *DOT*. The entry numbered 211.482-010 is for Tube Room Cashier, a type of sedentary work. "Ticket Clerk" is an alternate title for Cashier II, which corresponds to entry number 211.462-010, a type of light work. The discrepancy may have resulted from the VE's testimony. *See* R. 45-46; *supra* note 6. Further, the ALJ lists "Office Clerk, D.O.T. # 209.562-010" as "sedentary work," but in the *DOT*, the job is classified as "light work." Nevertheless, Plaintiff's RFC permits light work with exertional limitations that are not expressly contradicted by the above entries in the *DOT*.

her past relevant work as it is generally performed, and that the ALJ's step-four determination is legally proper and supported by substantial evidence.

*C. Whether the ALJ Erred in Finding that Plaintiff Could Perform Her Past Relevant Work as It Is Actually Performed, and Whether Any Such Error Was Prejudicial*

The record contains limited VE testimony regarding the physical demands of Plaintiff's past relevant work and, more substantively, descriptions of the physical demands of Plaintiff's past relevant work as submitted to the SSA by Plaintiff. *See* R. 17-18, 21, 44-47, 170-77 (Ex. 3E). The ALJ did not expressly cite this evidence but did state that he carefully considered the entire record. R. 14. Thus, the ALJ cannot be said to have entirely failed his duty of inquiry at step four as to the physical demands of Plaintiff's past relevant work as it was actually performed. *See Westbrook*, 26 F. App'x at 903; *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995). The ALJ instead failed to include or incorporate all available evidence from the record into his decision.

To the extent that this constitutes error,[9] the error was harmless. That is, "based on material the ALJ did at least consider (just not properly), [the undersigned can]

---

[9] In *Westbrook*, the plaintiff cited *Winfrey*'s requirement that an ALJ make specific findings at each phase of step four, in support of the plaintiff's assertion that the ALJ erred when failing to precisely describe the demands of the plaintiff's past relevant work. *Westbrook*, 26 F. App'x at 903. The Tenth Circuit explained that its *Winfrey* holding "is not designed to needlessly constrain ALJs by setting up numerous procedural hurdles that block the ultimate goal of determining disability." *Id.* The court's primary concern is whether the factual record has been sufficiently developed as to the issues raised—such as the applicable physical demands of past relevant work in relation to the RFC assessment—to "form[] the basis of a decision capable of review," while keeping in mind that the plaintiff bears the burden of establishing that he or she cannot perform past relevant work. *See id.* If the record contains sufficient evidence that was considered by

10

confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

For a finding of "not disabled" the ALJ need only conclude that a claimant's RFC would permit a return to one job among the claimant's past relevant work. *See* SSR 82-61, 1982 WL 31387, at *2; *Wells v. Colvin*, 727 F.3d 1061, 1074-75 (10th Cir. 2013). Thus, although the ALJ found that Plaintiff could return to four types of jobs among Plaintiff's past relevant work, if Plaintiff's RFC permits a return to just one job as it was actually performed, such would be sufficient to support the ALJ's finding that Plaintiff is not disabled. Again, the ALJ's RFC assessment and the types of jobs listed as Plaintiff's past relevant work are undisputed. The undersigned concludes that an administrative fact finder, upon properly comparing Plaintiff's RFC and statements provided by Plaintiff to the SSA regarding the pertinent physical demands of her past jobs, could only determine that Plaintiff is able to return to at least two of the occupations identified.

- Cashier

The record fully supports the ALJ's determination that Plaintiff's RFC would permit Plaintiff to return to her past relevant work of "Cashier, D.O.T. # 211.462-014, light work" as it was actually performed. Plaintiff worked as a cashier for a metals company before her alleged disability onset date of August 15, 2009. *See* R. 170, 173, 128. As to the physical demands relevant to Plaintiff's RFC, Plaintiff provided that she

---

the ALJ and that which supports the ALJ's decision, no remand is required. *See id.*; *Kepler*, 68 F.3d at 392; *Potter*, 905 F.2d at 1349.

lifted less than 10 pounds and, during an eight-hour workday, walked for 30 minutes, stood for 30 minutes, and sat for five hours. R. 173. Plaintiff indicated that lifting and carrying was "NA." R. 173. The *DOT* classifies this job as light work, as did the VE during his testimony. DICOT 211.462-014, 1991 WL 671841; R. 45; *see also supra* note 2 (defining "light work"). The pertinent physical demands at the above job as it was actually performed are within Plaintiff's RFC for light work with the specified exertional limitations:

> [Plaintiff] can lift/carry/pull/push no more than 20 pounds occasionally; she can sit for a total of six hours in an eight-hour workday; she can stand for a total of two hours in an eight-hour workday; and she can walk for a total of two hours in an eight-hour workday.

*See* R. 14-15. Plaintiff does not allege otherwise; nor does anything in the record contradict this conclusion.

- Office Clerk

The record also fully supports the ALJ's determination that Plaintiff's RFC would permit Plaintiff to return to her past relevant work of "Office Clerk, D.O.T. # 209.562-010, sedentary work" as it was actually performed at two different jobs. Plaintiff worked as an office clerk for a cleaning service before her alleged disability onset date of August 15, 2009.[10] *See* R. 170-71, 128. As to the physical demands relevant to Plaintiff's RFC, Plaintiff provided that she lifted less than 10 pounds and, during an eight-hour workday, walked for 30 minutes, stood for 30 minutes, and sat for five hours. R. 171. Plaintiff's

---

[10] Plaintiff's testimony reflects that she continued to work at this job full time after her alleged disability onset date in August 2009, allegedly causing her to miss medical appointments in late 2009 and early 2010. *See* R. 35-36.

12

lifting and carrying involved moving file folders from a desk to a filing cabinet or to another desk. R. 171. Plaintiff also worked as an office clerk for a paving service before her alleged disability onset date. *See* R. 170, 172. As to the physical demands relevant to Plaintiff's RFC, Plaintiff provided that she lifted 20 pounds at most (less than 10 pounds frequently) and, during an eight hour workday, walked for an hour, stood for an hour, and sat for four hours. R. 172. Plaintiff's lifting and carrying involved "some pick up and delivery [of] items from vehicle to the office." R. 172. These pertinent physical demands at the above occupations as they were actually performed are within Plaintiff's RFC.[11] Plaintiff does not allege otherwise; nor does anything in the record contradict this conclusion.[12]

To the extent that the ALJ erred by not citing or expressly discussing the above information, which is contained within the record that was considered by the ALJ, the

---

[11] Although not noted in the ALJ's decision, when testifying as to Plaintiff's past relevant work as an "office clerk," "209.562-010," the VE classified the work as "sedentary." *See* R. 44-45. It is unclear whether the VE's use of "sedentary" was intended to describe the work as it was actually performed. *See* R. 44-45. The *DOT* classifies the work as it is generally performed as "light work." DICOT 209.562-010, 1991 WL 671792. Whether the work should be properly classified as "light" or "sedentary" as it was actually performed, the pertinent physical demands fit within Plaintiff's RFC for light work with the specified exertional limitations. *See* R. 14-15; 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

[12] Plaintiff alleges that "the actual job descriptions as provided by the Plaintiff conflict with the ALJ's findings that the Plaintiff was limited to standing and walking of only 2 hours per day" in her past relevant work. *See* Pl.'s Br. at 9. However, only one job description among the six provided by Plaintiff exceeds this limitation—a description of a job in a cafeteria that required seven hours of standing during an eight-hour workday. *See* R. 170, 176.

13

error was harmless because "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *See Allen*, 357 F.3d at 1145; *supra* note 9; *cf. Best-Willie v. Colvin*, 514 F. App'x 728, 738 (10th Cir. 2013) ("The record supports the ALJ's conclusion, and the ALJ's failure to expressly cite evidence in support does not constitute error. The ALJ stated that she carefully considered all evidence in the record and we take her at her word." (citing *Hackett,* 395 F.3d at 1173.)). Thus, the Commissioner's final decision that Plaintiff is not disabled because Plaintiff could perform her past relevant work as that work was actually performed should also be affirmed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by March 30, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 16th day of March, 2015.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE